E-FILED
Friday, 15 February, 2008  02:40:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE STATE OF ILLINOIS,<br><br>　　　　Defendant. | CIVIL ACTION NO.:<br><br>07-cv-3261-JES-BGC |

**JOINT STIPULATION AND MOTION TO STAY PROCEEDINGS FOR AN ADDITIONAL SIXTY DAYS**

　　　　The parties jointly move that the Court enter an order staying proceedings in this action for an additional sixty days in order to provide the Illinois General Assembly further opportunity to consider legislation that may moot this action. In support of this motion, the parties jointly state as follows:

　　　　1.　　Section 12(a) of the Right to Privacy in the Workplace Act [820 ILCS 55/12(a)] became effective on January 1, 2008.

　　　　2.　　Plaintiff, the United States of America, filed suit in this Court to declare that Section 12(a) of the Act is invalid, null, and void on the grounds that it is preempted under the Supremacy Clause of the United States Constitution, and to permanently enjoin its enforcement.

　　　　3.　　Legislation is currently pending in the Illinois General Assembly that may moot the issues in this case.

　　　　4.　　Plaintiff filed a motion for summary judgment on November 16, 2007.

　　　　5.　　The parties seek to resolve the above-captioned litigation in an orderly fashion. Because the parties do not wish to burden the Court with issues that may become moot as a result

of the pending legislation and also seek to the opportunity to fully brief the Court on the legal issues raised by the pleadings, the parties believe that a stay of proceedings for an additional sixty days is in order.

6. Defendant, State of Illinois, without conceding the merits of Plaintiff's allegations or prejudicing its arguments as to the validity of Section 12(a) of the Right to Privacy in the Workplace Act, agrees that during the pendency of this litigation it will refrain from enforcing Section 12(a) of the Act, including, but not limited to, taking or threatening to take any of the following enforcement actions: (a) prohibiting Illinois employers from enrolling in the E-Verify/ Basic Pilot Program after the effective date of the Illinois Act; (b) prohibiting Illinois employers enrolled in the E-Verify / Basic Pilot Program prior to January 1, 2008 from continuing to participate in the program after the effective date of the Illinois Act; and (c) pursuing any legal action, whether administrative, civil, or criminal, against any Illinois employer violating the prohibitions of Section 12(a) of the Act.

7. Plaintiff, United States of America, agrees that during the pendency of this litigation it will refrain from seeking a preliminary injunction and/or temporary restraining order to enjoin the enforcement of Section 12(a) of the Right to Privacy in the Workplace Act.

8. Plaintiff's obligation in paragraph 7 and Defendant's obligation in paragraph 6 of this joint motion are reciprocal. If either party fails to satisfy its respective obligations under paragraphs 6 or 7, or if either paragraph or any portion thereof is deemed invalid or otherwise severed from this Stipulation, the parties shall be relieved from complying with any remaining obligations under paragraphs 6 or 7.

9. Plaintiff further consents to stay any briefing on the motion for summary judgment for the duration of the requested stay of an additional sixty days.

10. The parties request that a status hearing be scheduled in 60 days for the parties to report on pending legislation. Not later than ten days prior to the expiration of the requested sixty day stay, the parties agree to meet and confer to regarding the status of the legislation and the conduct of further proceedings.

11. The relief requested herein would promote judicial economy.

## CONCLUSION

For good cause and in the interest of judicial economy, the parties ask that the foregoing be made an order of the Court. A proposed order is attached.

Dated: February 15, 2008

Respectfully submitted,

LISA MADIGAN
Attorney General of the State of Illinois

JEFFREY S. BUCHHOLTZ
Acting Assistant Attorney General

 s/ Terence J. Corrigan
TERENCE J. CORRIGAN, #6191237
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-mail: tcorrigan@atg.state.il.us
Attorneys for Defendant, the State of Illinois

RODGER A. HEATON
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

 s/Alexander K. Haas (with consent)
ALEXANDER K. HAAS (CA Bar# 220932)
Attorney for Plaintiff
Trial Attorney, Federal Programs Branch
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 307-3937—Fax: (202) 616-8470
alexander.haas@usdoj.gov

**Certificate of Service**

I hereby certify that on February 15, 2008, I presented the foregoing Joint Stipulation and Motion to Stay Proceedings for an Additional Sixty Days to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

alexander.haas@usdoj.gov

and I hereby certify that on February 15, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

None

/s/Terence J. Corrigan
Terence J. Corrigan
Carrie L. Kinsella
Assistant Attorneys General
Attorneys for Defendants
500 South Second Street
Springfield, IL 62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-mail: tcorrigan@atg.state.il.us

E-FILED
Friday, 15 February, 2008  02:41:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF ILLINOIS, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO.: <br><br> 07-cv-3261-JES-BGC |

**ORDER**

This cause coming to be heard on the parties' joint motion to stay proceedings in this matter an additional 60 days; defendant having agreed that during the pendency of this litigation it will refrain from enforcing Section 12(a) of the Right to Privacy in the Workplace Act, including, but not limited to, taking or threatening to take any of the following enforcement actions: (a) prohibiting Illinois employers from enrolling in the E-Verify / Basic Pilot Program after the effective date of the Illinois Act; (b) prohibiting Illinois employers enrolled in the E-Verify / Basic Pilot Program prior to January 1, 2008 from continuing to participate in the program after the effective date of the Illinois Act; and (c) pursuing, or threatening to pursue, any legal action, whether administrative, civil, or criminal, against any Illinois employer violating the prohibitions of Section 12(a) of the Illinois Act; and plaintiff having agreed that during the pendency of this litigation it will refrain from seeking a preliminary injunction and/or temporary restraining order to enjoin the enforcement of Section 12(a) of the Illinois Act; and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the joint motion is granted, briefing on the motion for summary judgment is stayed for an additional sixty days, this cause is set for hearing on

_____ at _____ for the parties to report on the status of pending legislation and that the parties will meet and confer no sooner than ten days before the expiration of the stay to discuss further proceedings.

Dated: _____

_____
JUDGE

3:07-cv-03261-JES-BGC  # 15-2  Page 2 of 2