E-FILED
Tuesday, 15 April, 2008  10:23:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF ILLINOIS, )<br>)<br>       Defendant. )<br>) | CIVIL ACTION NO.:<br><br>07-cv-3261-JES-BGC |

**JOINT STIPULATION AND MOTION TO STAY PROCEEDINGS FOR AN ADDITIONAL SIXTY DAYS**

The parties jointly move that the Court enter an order staying proceedings in this action for an additional sixty days in order to provide the Illinois General Assembly further opportunity to consider legislation that may moot this action. In support of this motion, the parties jointly state as follows:

1.    Section 12(a) of the Right to Privacy in the Workplace Act [820 ILCS 55/12(a)] became effective on January 1, 2008.

2.    Plaintiff, the United States of America, filed suit in this Court to declare that Section 12(a) of the Act is invalid, null, and void on the grounds that it is preempted under the Supremacy Clause of the United States Constitution, and to permanently enjoin its enforcement.

3.    Legislation is currently pending in the Illinois General Assembly that may moot the issues in this case.

4.    Plaintiff filed a motion for summary judgment on November 16, 2007.

5.    The parties seek to resolve the above-captioned litigation in an orderly fashion. Because the parties do not wish to burden the Court with issues that may become moot as a result

1

of the pending legislation and also seek to the opportunity to fully brief the Court on the legal issues raised by the pleadings, the parties believe that a stay of proceedings for an additional sixty days is in order.

6.   Defendant, State of Illinois, without conceding the merits of Plaintiff's allegations or prejudicing its arguments as to the validity of Section 12(a) of the Right to Privacy in the Workplace Act, agrees that during the pendency of this litigation it will refrain from enforcing Section 12(a) of the Act, including, but not limited to, taking or threatening to take any of the following enforcement actions: (a) prohibiting Illinois employers from enrolling in the E-Verify/ Basic Pilot Program after the effective date of the Illinois Act; (b) prohibiting Illinois employers enrolled in the E-Verify / Basic Pilot Program prior to January 1, 2008 from continuing to participate in the program after the effective date of the Illinois Act; and (c) pursuing any legal action, whether administrative, civil, or criminal, against any Illinois employer violating the prohibitions of Section 12(a) of the Act.

7.   Plaintiff, United States of America, agrees that during the pendency of this litigation it will refrain from seeking a preliminary injunction and/or temporary restraining order to enjoin the enforcement of Section 12(a) of the Right to Privacy in the Workplace Act.

8.   Plaintiff's obligation in paragraph 7 and Defendant's obligation in paragraph 6 of this joint motion are reciprocal. If either party fails to satisfy its respective obligations under paragraphs 6 or 7, or if either paragraph or any portion thereof is deemed invalid or otherwise severed from this Stipulation, the parties shall be relieved from complying with any remaining obligations under paragraphs 6 or 7.

9.   Plaintiff further consents to stay any briefing on the motion for summary judgment for the duration of the requested stay of an additional sixty days.

10.   The parties request that a status report be scheduled due in 60 days for the parties to

report on pending legislation. Not later than ten days prior to the expiration of the requested sixty day stay, the parties agree to meet and confer to regarding the status of the legislation and the conduct of further proceedings.

11.   The relief requested herein would promote judicial economy.

## CONCLUSION

For good cause and in the interest of judicial economy, the parties ask that the foregoing be made an order of the Court.

Dated: April 15, 2008                                                   Respectfully submitted,

| | |
|---|---|
| LISA MADIGAN | JEFFREY S. BUCHHOLTZ |
| Attorney General of the State of Illinois | Acting Assistant Attorney General |
| | |
| s/ Terence J. Corrigan | RODGER A. HEATON |
| TERENCE J. CORRIGAN | United States Attorney |
| Assistant Attorney General | |
| 500 South Second Street | ARTHUR R. GOLDBERG |
| Springfield, IL 62706 | Assistant Director, Federal Programs Branch |
| Telephone: 217/782-5819 | |
| Facsimile: 217/524-5091 | s/Alexander K. Haas (with consent) |
| E-mail: tcorrigan@atg.state.il.us | ALEXANDER K. HAAS (CA Bar# 220932) |
| Attorneys for Defendant, the State of Illinois | Attorney for Plaintiff |
| | Trial Attorney, Federal Programs Branch |
| | United States Department of Justice |
| | P.O. Box 883 |
| | Washington, D.C.  20044 |
| | Tel: (202) 307-3937—Fax: (202) 616-8470 |
| | alexander.haas@usdoj.gov |

**Certificate of Service**

I hereby certify that on April 15, 2008, I presented the foregoing Joint Stipulation and Motion to Stay to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

alexander.haas@usdoj.gov

and I hereby certify that on April 15, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

None

/s/Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL 62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-mail: tcorrigan@atg.state.il.us