UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF ILLINOIS, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.: <br><br> 07-cv-3261-JES-BGC |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR CONTINUED STAY

INTRODUCTION

Plaintiff, the United States of America, initiated this action to invalidate, on Supremacy Clause grounds, an Illinois law that purports to prohibit Illinois employers' use of a federal employment verification system that Congress intended to be open to all employers in the United States. On the consent of the parties, this case has been stayed since shortly after the United States filed its motion for summary judgment over six months ago. Plaintiff agreed, as a matter of comity and respect for a State Government, to an initial stay to permit the Illinois Assembly to consider then newly introduced state legislation that had the potential to moot this case. But the United States, like any litigant, is entitled to a prompt resolution of its claims, and the State of Illinois, having considered and rejected the legislative solution, offers no good reason to continue to delay a prompt adjudication of the merits of plaintiff's claim.

The mere possibility that the Illinois Assembly *might* reconsider the issue at some unspecified date, months from now, provides no assurance that the United States' claim will be timely resolved, nor does it dissipate the cloud of uncertainty hanging over both the United States

and Illinois employers to ensure unfettered use of a valuable tool to ensure that newly hired workers are eligible for employment. The United States therefore submits this opposition to defendant's motion for a continued stay of civil litigation and asks that this Court enter a briefing schedule to ensure the prompt resolution of this action. Dissolving the stay as to the litigation and resolving the claim at issue would not hinder the defendant's ability to consider additional legislation and may even be helpful in facilitating that process.

## BACKGROUND

At issue in this litigation is section 12(a) of Illinois' Right to Privacy in the Workplace Act, 820 Ill. Comp. Stat. 55/1 *et seq.*, which added, in part, the following language:

> *Employers are prohibited from enrolling in any Employment Eligibility Verification System, including the Basic Pilot program*, as authorized by 8 U.S.C. § 1324a, Notes, Pilot Programs for Enforcement Eligibility Confirmation (enacted by PL 104-208, div. C, title IV, subtitle A), until the Social Security Administration (SSA) and Department of Homeland Security (DHS) databases are able to make a determination on 99% of the tentative nonconfirmation notices issued to employers within 3 days, unless otherwise required by federal law.

Illinois Pub. Act 95-138, § 12(a) (emphasis added). In September 2007, the United States sued to permanently enjoin this statute as preempted under the Supremacy Clause of the United States. *See* United States' Complaint, Dkt. #1. In November 2007, the United States moved for summary judgment, on the grounds the operation of the Illinois law conflicts with federal immigration law and congressional policy of permitting all employers in the United States the ability to access the federal employment verification system referenced in the Illinois law—the Basic Pilot program (or E-Verify). *See* United States' Motion & Memorandum, Dkt. # 6-7. That motion remains pending, without a response from the defendant, because in December 2007 the United States agreed, as a matter of comity, to a limited stay permit the defendant consider legislation that had the potential to moot this action. *See* Joint Motion to Stay, Dkt. #12.

2

The Illinois legislature adjourned for its spring session not only without agreement on the proposed legislative amendment, but with the Illinois House voting down the proposed amendment by a vote of 71-39. *See* House Roll Call Vote, *available at* www.ilga.gov/legislation/votehistory/95/house/09500SB1878_05302008_060000T.pdf (attached at Tab A hereto). A motion for reconsideration is pending, *see* Def. Mtn. ¶ 4, but there is no indication of when the matter will be reconsidered or that the significant vote disparity will be reversed.

## DISCUSSION

As a general matter, it is well-established that every court has an "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants," including by staying proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. INS*, 514 U.S. 386, 411 (1995) ("we have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket . . . .'") (quoting *Landis*, 299 U.S. at 254). The decision to issue a stay thus rests within a court's discretion, subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy. *See Square D Co. v. Showmen Supplies, Inc.*, 2007 WL 1430723, at *2 (N.D. Ind. 2007); *Sanders v. Merck & Co.*, 2007 WL 924497, at *2 (S.D. Ill. 2007). In particular, in deciding whether to stay proceedings, courts consider (1) whether judicial economy favors a stay; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed. *See Board of Trustees of Teachers' Retirement System of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Defendant does not discuss this legal framework for stay motions but makes two

arguments as to why a continued stay is warranted.  First, defendant asserts that plaintiff will suffer no prejudice from the stay because of defendant's agreement not to enforce the statute for the pendency of the suit.[1]  *See* Def. Mtn. ¶ 5.  Second, defendant argues that a continued stay is warranted so that the Court can avoid a constitutional question, *see id.* ¶ 6, presumably because the Illinois legislature *might*, at some unspecified future date, amend the offending statute.  Neither is persuasive under the circumstances and plaintiff offers no support for a continuing stay of potentially unlimited duration.

    Notably, defendant does not explain how lifting the stay and merely allowing briefing to resume on the motion for summary judgment will prejudice the defendant.  It would not.  Moreover, defendant's request for an unlimited stay would prejudice plaintiff.  All litigation creates uncertainty both as to the parties to that litigation and to non-parties with an interest in the outcome.  By continuing the stay indefinitely as defendant asks, the uncertainty generated by the instant suit persists and leaves the United States, the State of Illinois, and, importantly, the non-party Illinois employers to guess as to the scope of federal law.  Surely, some Illinois employers who may wish to use E-verify will wait to see how the litigation ends rather than to begin to use a system under this cloud.  The United States is also directly prejudiced because of its right to have this Court determine its sovereign rights vis-a-vis the State of Illinois and thereby secure the United States' sovereign rights under the Supremacy Clause in a "just, speedy, and inexpensive" way.  *See* Fed. R. Civ. P. 1.  Indeed, while federal courts have inherent power, including the power to stay a case, in addition to the powers enumerated in the Federal Rules of Civil Procedure, such power must be exercised "'in a manner that is in harmony with'" applicable

---

[1] Based upon these representations, the United States has not sought preliminary injunctive relief against the operation of the Illinois statute to date, but we continue to reserve our right to do so should circumstances change.

4

procedural rules. *See Disher v. Citigroup Global Mkts.*, 2007 WL 1231632, at *5 (S.D. Ill. 2007) (quoting *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989)). The continued stay would not be consistent with the paramount principle embodied in Rule 1.

As for the contention that the Court should avoid reaching a constitutional question, that is something that was, and remains, wholly within the State of Illinois' power to avoid. The United States agreed to the limited stay solely as a matter of comity to give the Illinois legislature time to consider a legislative solution to the Illinois statute. Illinois could have amended or repealed the challenged statute long ago. Instead, it was voted down in the Illinois House by a nearly two to one majority. S*ee* Tab A. Defendant points to a motion for reconsideration pending in the state legislature, *see* Def. Mtn. ¶ 4, but there is absolutely no reason to believe, and none offered, that such a motion will succeed given the outcome in the initial vote. Indeed, defendant offers nothing more than its own speculation that the Illinois legislature *might* at some indeterminate point in the future consider this proposal or other legislation anew. This cannot be a sufficient basis for a continued stay. Notably, dissolving the stay "does not necessarily preclude any further proceedings which the [State legislature] may choose to pursue." *Toro Co. v. L.R. Nelson Corp.*, 1984 WL 1244 (C.D. Ill. 1984) (denying a stay where the "order would accomplish little, other than the delay of disposition of a suit which has, until now, run an overly protracted course"). Indeed, if anything this Court's determination of the preemption issue could aid in that legislative effort by confirming the contours of federal law.

At bottom, however, all that is before the Court is a resumption of the briefing schedule on the motion for summary judgment. Should the Court request an additional status report at the conclusion of the briefing schedule, the United States would work with the State of Illinois to provide one. But nothing should prevent the expeditious completion of briefing at this point.

5

## CONCLUSION

For the foregoing reasons, the Court should dissolve the stay as it pertains to the motion for summary judgment and set a briefing schedule on that motion.

Dated: June 27, 2008   Respectfully submitted,

OF COUNSEL:

GREGORY G. KATSAS
Acting Assistant Attorney General

GUS P. COLDEBELLA
*General Counsel (Acting)*

RODGER A. HEATON
United States Attorney

NICHOLAS D. GRAY
*Assistant General Counsel for Litigation*
*Office of the General Counsel*

ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

U.S. Department of Homeland Security
Mail Stop 3650
Washington, D.C. 20528

   */s/ Alexander K. Haas*
ALEXANDER K. HAAS (CA Bar# 220932)
Attorney for Plaintiff
Trial Attorney, Federal Programs Branch
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 307-3937—Fax: (202) 616-8470
alexander.haas@usdoj.gov

## Certificate of Service

I hereby certify that on June 27, 2008, I filed the foregoing Opposition to Defendant's Motion for a Continued Stay through the Court's CM/ECF system.

I further certify that on June 27, 2008, I have mailed by first-class mail through the United States Postal Service, the foregoing materials to the following participant:

Attorney General Lisa Madigan
Terence J. Corrigan
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-mail: tcorrigan@atg.state.il.us
Attorneys for Defendant, the State of Illinois

                                                 */s/ Alexander K. Haas*
ALEXANDER K. HAAS (CA Bar# 220932)
Attorney for Plaintiff
Trial Attorney, Federal Programs Branch
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 307-3937—Fax: (202) 616-8470
alexander.haas@usdoj.gov

NO. 60

```
                       STATE OF ILLINOIS
                        NINETY-FIFTH
                      GENERAL ASSEMBLY
                      HOUSE ROLL CALL
                      SENATE BILL 1878
                 PRIVACY WORKPLACE-EMPLOYER VER
                        THIRD READING
                           FAILED


May 30, 2008


 39 YEAS                   71 NAYS                    3 PRESENT


 Y  Acevedo           N  Dugan         N  Krause         N  Ramey
 Y  Arroyo            N  Dunkin        Y  Lang           N  Reboletti
 N  Bassi             N  Dunn          Y  Leitch         N  Reis
 N  Beaubien          N  Durkin        N  Lindner        N  Reitz
 Y  Beiser            N  Eddy          Y  Lyons          P  Riley
 N  Bellock           Y  Feigenholtz   N  Mathias        Y  Rita
 Y  Berrios           N  Flider        N  Mautino        N  Rose
 N  Biggins          NV  Flowers       Y  May            P  Ryg
 N  Black             Y  Ford          Y  McAuliffe      N  Sacia
 Y  Boland            N  Fortner       Y  McCarthy       Y  Saviano
 N  Bost              N  Franks        Y  McGuire        N  Schmitz
 N  Bradley,John      N  Fritchey      Y  Mendoza        N  Schock
 Y  Bradley,Richard   N  Froehlich     N  Meyer          Y  Scully
 N  Brady             Y  Golar         P  Miller         N  Smith
 N  Brauer            N  Gordon        N  Mitchell,Bill  N  Sommer
 E  Brosnahan         Y  Graham        N  Mitchell,Jerry Y  Soto
 Y  Burke             Y  Granberg      N  Moffitt        N  Stephens
 N  Chapa LaVia       Y  Hamos         Y  Molaro         N  Sullivan
 N  Coladipietro      N  Hannig        N  Mulligan       N  Tracy
 N  Cole              Y  Harris        N  Munson         N  Tryon
 N  Collins           N  Hassert       N  Myers          Y  Turner
 Y  Colvin            Y  Hernandez     Y  Nekritz        N  Verschoore
 Y  Coulson           N  Hoffman       N  Osmond         N  Wait
 N  Crespo            N  Holbrook      E  Osterman       Y  Washington
 N  Cross             Y  Howard        Y  Patterson      E  Watson
 N  Cultra            N  Jakobsson     N  Phelps         N  Winters
 Y  Currie            N  Jefferies     N  Pihos          Y  Yarbrough
 N  D'Amico           N  Jefferson     N  Poe            Y  Younge
 N  Davis,Monique     N  Joyce         N  Pritchard      Y  Mr. Speaker
 E  Davis,William     N  Kosel



     E - Denotes Excused Absence
```