IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3261 |
| | ) | |
| THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**OPINION**</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff United States of America's Motion for Summary Judgment (d/e 23) (Motion).  The United States asks for a declaratory judgment declaring that § 12(a) of Illinois Public Act 95-138 (Illinois Act) is invalid under the Supremacy Clause because the Illinois Act conflicts with the federal Illegal Immigration Reform and Immigrant Responsibility Act (Federal Act).  U.S. Const. Art. VI cl. 2; Sections 401-405, Pub. L. 104-208, Div. C, Title IV, Subtitle A, 110 Stat. 3009-655 through 3009-666, codified as a note to 8 U.S.C. § 1324a, as amended.  After careful review, the Court agrees that the Illinois Act is invalid.  Therefore, the Motion is allowed.

1

STATEMENT OF FACTS

In 1996, Congress enacted the Federal Act to authorize the creation of a pilot program to enable employers to confirm electronically the employment eligibility of newly-hired employees. This program was originally known as the Basic Pilot Program, and now is referred to as "E-Verify" (hereinafter the Federal Program). Motion, Statement of Undisputed Facts (SUF), ¶ 4.[1] Congress provided that any employer in a state where the Federal Program would be available may elect to participate in the Federal Program. Federal Act, § 402(a).[2]

Congress originally required the Federal Program to be available, at a minimum, in five of the seven states with the largest estimated populations of aliens not lawfully present in the United States. Id., § 401(b). On September 15, 1997, the Immigration and Naturalization Service published guidelines under which employers could elect to participate in the Federal Program. The guidelines identified Illinois as one of the five states with the

---

[1] Defendant State of Illinois disputed only two of the United States' Statements of Undisputed Facts. Defendant's Response to Plaintiff's Motion for Summary Judgment (d/e 26), at 2-4. The Court will cite only to the admitted statements of fact in the Opinion.

[2] Congress also required certain parts of the federal government and certain private entities in participating states to enroll in the Federal Program. Federal Act, §402(e).

2

largest estimated populations of aliens not lawfully present in the United States. 62 Fed. Reg. 48309 (September 15, 1997).

In 2001, Congress extended the authorization of the Federal Program. Motion, SUF ¶ 8. In 2003, Congress extended authorization of the Federal Program and mandated that the Department of Homeland Security (Department) expand the Federal Program to all fifty states. Id., SUF ¶ 9. On December 20, 2004, the U.S. Citizenship and Immigration Services published a notice in the Federal Register announcing the expansion of the Federal Program to all fifty states. Motion, SUF ¶ 10. In 2008, Congress extended the Federal Program to March 6, 2009, in a continuing resolution. Pub. L. 110-329, Division A, § 106, 122 Stat. 3574 (2008). Congress, however, appropriated funds in the same resolution to operate the Federal Program through the end of the fiscal year on September 30, 2009. Pub. L. 110-329, Division D, Title IV, 122 Stat. 3574, 3676 (2008).

Employers that participate in the Federal Program submit the employee identifying information of new hires to the Federal Program over the Internet. The employers receive either: (1) confirmation that the new hire is authorized to work in the United States, or a (2) a Tentative Nonconfirmation Notice (TNC), indicating that the Federal Program can

not confirm that the new hire is authorized to work in the United States. Motion, SUF, ¶ 13. Employers must notify a new hire if the Federal Program issues a TNC and provide the new hire with information on how to pursue secondary verification. If the new hire does not pursue secondary verification, the TNC becomes final, and the Federal Program issues a final nonconfirmation. If the new hire pursues secondary verification, the Federal Program completes the secondary verification process before issuing a final determination. Motion, SUF, ¶ 14-15. The Federal Program must complete this secondary verification process within ten business days. Motion, SUF, ¶ 20. Employers may not terminate a new hire until a final nonconfirmation is issued. Motion, SUF, ¶ 17.

On August 13, 2007, Illinois amended the Illinois Right to Privacy Act (Privacy Act), to add the Illinois Act. The Illinois Act stated:

> Employers are prohibited from enrolling in any Employment Eligibility Verification System, including the Basic Pilot program, as authorized by 8 U.S.C. § 1324a, Notes, Pilot Programs for Enforcement Eligibility Confirmation (enacted by PL 104-208, div. C, title IV, subtitle A), until the Social Security Administration (SSA) and Department of Homeland Security (DHS) databases are able to make a determination on 99% of the tentative nonconfirmation notices issued to employers within 3 days, unless otherwise required by federal law.

Illinois Pub. Act 95-138, § 12(a), codified at 820 ILCS 55/12(a). The

Illinois Act became effective on January 1, 2008. The United States brought this action to stop the Illinois Act from becoming effective. The parties entered into a stipulation under which Illinois agreed not to enforce the Illinois Act during the pendency of this litigation. <u>Text Order entered December 14, 2007</u>; <u>Joint Stipulation and Motion to Stay Proceedings (d/e 12)</u>.

## ANALYSIS

The material facts are not at issue here. The United States asks this Court to declare the Illinois Act invalid under the Supremacy Clause. State laws are invalid under the Supremacy Clause if, <u>inter alia</u>, the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." <u>Hines v. Davidowitz</u>, 312 U.S. 52, 67 (1941). Congress put the Federal Program in place to allow all employers access to a means to verify the employment eligibility of new hires. The statute states that any employer may participate. <u>Federal Act</u>, § 402(a). In 2003, Congress extended the Federal Program to all fifty states. The House Report states that the 2003 extension changed the Federal Program to allow any employer to choose to participate in the pilot program, regardless of the state in which the employer is located. <u>H.R. Rep.</u>

5

108-304(I), 108th Cong., 1st Sess. 2003, at 7 (2003).  Thus, Congress intended that any employer should be able to participate in the Federal Program.

The Illinois Act frustrates Congress' purpose by prohibiting Illinois employers from participating in the Federal Program unless the Federal Program meets Illinois' standard for accuracy and speed.  Illinois cannot dictate to Congress the standards that federal programs must meet.  This clearly frustrates the Congressional purpose of making the Federal Program available to all employers.  The Illinois Act is invalid under the Supremacy Clause.

Illinois argues that the Illinois Act does not frustrate the Federal Program because Congress established the Federal Program as a test program, and the federal government has been able to test the program for years.  This is no answer.  Even if Congress established the Federal Program as a test program, Congress is entitled to set the terms of the testing and the length of testing, not Illinois.  Congress determined that all employers in the fifty states would be allowed to participate.  Illinois cannot say no, or require the federal government to meet Illinois' standards.

Illinois also argues that this Court lacks jurisdiction because there is

no justiciable controversy. The Court disagrees. Preemption issues are primarily questions of law, and so, are ripe for adjudication even though Illinois has not had the opportunity to interpret and apply the Illinois Act. See Pacific Gas and Elec. Co. v. State Energy Resources Conservation & Development Com'n, 461 U.S. 190, 201 (1983); Metropolitan Milwaukee Ass'n of Commerce v. Milwaukee County, 325 F.3d 879, 882 (7th Cir. 2003).

Illinois also argues that the Federal Program may cease to exist, and so, no controversy exists at this time. The Federal Program had been extended through March 6, 2009, but funds have been appropriated to operate the Federal Program through the end of the fiscal year.[3] The issue raised by Illinois is essentially a question of mootness: if the Federal Program is not extended, the issue becomes moot. A matter is not moot if a reasonable expectation for a recurrence exists. See Federation of Advertising Industry Representatives, Inc. v. City of Chicago, 326 F.3d 924, 930 (7th Cir. 2003). In this case, Congress appropriated funds for the

---

[3]The parties' briefs were submitted before March 6, 2009. As of the date of the United States' reply brief, the Federal Program had not been extended. Reply of the Unites States in Support of its Motion for Summary Judgment (d/e 28), at 7, n.4. The parties have not informed the Court whether Congress has taken any further action.

Federal Program through September 30, 2009, even though the authorization was made through a continuing resolution set to expire on March 6, 2009. Given the appropriation, the Federal Program is likely to continue, and so, the issue is not moot. The matter is ripe for adjudication. The Illinois Act is invalid under the Supremacy Clause.

THEREFORE, Plaintiff United States' Motion for Summary Judgment (d/e 23) is ALLOWED. Summary judgment is entered in favor of the United States and against the State of Illinois. Section 12(a) of Illinois Public Act 95-138 is hereby declared to be invalid in violation of the Supremacy Clause of the United States Constitution, and the State of Illinois is permanently enjoined from enforcing this invalid act. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 11, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE